**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4448**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANKLIN SMITH, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, District Judge. (CR-03-65-FL)

_____

Submitted: January 11, 2006        Decided: February 8, 2006

_____

Before TRAXLER, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jane E. Pearce, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Franklin Smith, Jr., pled guilty to being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g)(1) (2000) and was given a fifteen-year minimum sentence because he was found to be an armed career criminal under 18 U.S.C.A. § 924(e)(1) (West Supp. 2005). On appeal, Smith argues that the district court erred by sentencing him as an armed career criminal in violation of Blakely v. Washington, 542 U.S. 296 (2004), because this judicially-imposed sentencing enhancement was neither found by a jury nor admitted by him. Since Smith's appeal, the Supreme Court has extended the rule of Blakely to the Federal Sentencing Guidelines. See United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). For the reasons that follow, we affirm.

Smith's argument is foreclosed by two of our recent decisions. See United States v. Thompson, 421 F.3d 278, 282-84 (4th Cir.) (holding that district court may enhance sentence based on fact of prior convictions under § 924(e) regardless of whether admitted by defendant or found by jury), petition for cert. filed (Oct. 25, 2005) (No. 05-7266); United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.) (holding that the armed career criminal designation, based on prior convictions, does not violate the Sixth Amendment under Booker), cert. denied, 126 S. Ct. 640 (2005).

Accordingly, we affirm Smith's sentence. We dispense with oral argument as the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED